TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Augustina Itimi*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Augustina Itimi, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company; and National Credit Systems, Inc., a Georgia corporation, and | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, AUGUSTINA ITIMI, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA").

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in Phoenix, Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that maintains a registered agent in Maricopa County, Arizona; and

b. National Credit Systems, Inc. ("National Credit Systems"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

7. National Credit Systems is reporting its trade line with account number 3491375 ("Errant Trade Line") on Ms. Itimi's Equifax credit file with an incorrect balance of $4,171.00.

8. Ms. Itimi does not owe the balance of $4,171.00 to National Credit Systems. Ms. Itimi had to vacate the apartment, which is the subject of this trade line, because it was uninhabitable.

9. On November 1, 2016, there was a fire in the unit immediately next door. As a result, Ms. Itimi and her son had difficulty breathing and became sick due to the smoke in the carpet, walls, and furniture of the apartment. The fire department used an ax to place holes in the ceiling. The holes caused debris to fall on the furniture and the floor. The smoke damage made the apartment uninhabitable. The landlord used plywood to partially cover the door of the unit damaged by the fire, but did nothing to remove or treat the hazardous smoke and particles in my apartment. Ms. Itimi turned in the keys the following day and vacated the

apartment. The landlord's claim that there was no damage to the apartment is false.

10. On March 15, 2017, Ms. Itimi obtained her credit file and noticed that National Credit Systems was reporting the Errant Trade Line with an incorrect balance of $4,171.00.

11. On or about May 12, 2017, Ms. Itimi's attorney, Edward J. Marko, submitted a letter to Experian, Equifax, and Trans Union, disputing the balance on the Errant Trade Line.

12. Upon information and belief, Experian, Equifax, and Trans Union forwarded Ms. Itimi's consumer dispute to National Credit Systems.

13. On or about May 19, 2017, Katie Ross, the Senior Regulatory Affairs Associate at Experian, sent Mr. Marko a letter, stating that its office received the dispute and is currently investigating the disputed information.

14. On or about May 19, 2017, Trans Union sent a correspondence to Edward J. Marko, stating that it received the dispute and it will forward the results once the investigation is complete.

15. On or about June 5, 2017, Ms. Itimi received Experian's investigation results, which showed that the Errant Trade Line was updated, but the incorrect balance remained.

16. On or about June 24, 2017, Ms. Itimi submitted additional letters to Experian, Trans Union, and Equifax, disputing the balance on the Errant Trade Line. In these dispute letters, Ms. Itimi explained what transpired with her apartment and attached photos of the damage to the apartment. She asked the credit bureaus to remove the balance on the Errant Trade Line.

17. Upon information and belief, Experian, Trans Union, and Equifax forwarded Ms. Itimi's consumer dispute to National Credit Systems.

18. Ms. Itimi's did not receive Equifax's investigation results, so she obtained her Equifax credit file on September 27, 2017, which showed that National Credit Systems continued to report the incorrect balance on the Errant Trade Line.

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONAL CREDIT SYSTEMS

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax of Ms. Itimi's consumer dispute of the incorrect balance on the Errant Trade Line, National Credit Systems negligently failed to conduct a proper investigation of Ms. Itimi's dispute as required by 15 USC 1681s-2(b), and negligently failed to direct Equifax to correct the balance of the Errant Trade Line.

22. National Credit Systems negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).

23. The Errant Trade Line is inaccurate and creates a misleading impression on Ms. Itimi's consumer credit file with Equifax to which National Credit Systems is reporting the Errant Trade Line.

24. As a direct and proximate cause of National Credit Systems' negligent failure to perform its duties under the FCRA, Ms. Itimi has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. National Credit Systems is liable to Ms. Itimi by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Ms. Itimi has a private right of action to assert claims against National Credit Systems arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant National Credit Systems for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONAL CREDIT SYSTEMS**

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax that Ms. Itimi's disputed the accuracy of the information it was providing, National Credit Systems willfully failed to conduct a proper reinvestigation of Ms. Itimi's dispute, and willfully failed to direct Equifax to correct the balance of the Errant Trade Line.

29. National Credit Systems willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of National Credit Systems's willful failure to perform its duties under the FCRA, Ms. Itimi has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. National Credit Systems is liable to Ms. Itimi for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant National Credit Systems for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Itimi as that term is defined in 15 USC 1681a.

34. Such reports contained information about Ms. Itimi that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Itimi, in violation of 15 USC 1681e(b).

36. After receiving Ms. Itimi's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Itimi has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Equifax is liable to Ms. Itimi by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Itimi as defined in 15 USC 1681a.

41. Such reports contained information about Ms. Itimi that was false, misleading, and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Itimi, in violation of 15 USC 1681e(b).

43. After receiving Ms. Itimi's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Itimi has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Equifax is liable to Ms. Itimi by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: September 29, 2017

                                          KENT LAW OFFICES

                                          By: _/s/  Trinette G. Kent_
                                            Trinette G. Kent
                                            Attorneys for Plaintiff,
                                            Augustina Itimi